UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

Mohamad Elfassih,

   Defendant.
_____/

GOODMAN & POESZAT, PLLC
Jeffrey G. Poeszat (P51370)
Attorneys for the United States of America
20300 West 12 Mile Road, Suite 201
Southfield, MI  48076
248/750-0500
_____/

Civil Action No.:
Hon:

## COMPLAINT

The United States of America, Plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 2 Hampton Ct., Dearborn, MI, 48124.

### The Debt

3. The debt owed to the United States of America is as follows:

|  |  |
|---|---|
| A. Current principal balance (after application of all prior payments, credits, and offsets): | $4,984.43 |
| B. Current capitalized interest balance and accrued interest: | $7,788.41 |
| C. Administrative Fee, Costs, Penalties: | $0.00 |
| D. Credits previously applied (Debtor payments, credits and offsets, Exhibit B): | $0.00 |
| Total Owed | $12,772.84 |

The Certificate of Indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and Court costs and related charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum from the date stated in Exhibit B. The promissory notes which are at issue are attached as Exhibit A, hereto.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, the United States of America prays for judgment:

A. For the sums set forth in Paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest at the legal rate, pursuant to 28 U.S.C. § 1961.

B. For attorneys' fees and costs allowed by law or contract; and

C. For such other relief which the Court deems proper.

Respectfully submitted,

GOODMAN & POESZAT, PLLC

By: <u>s/ Jeffrey G. Poeszat</u>
Jeffrey Poeszat, Bar No. (P51370)
20300 W 12 Mile Road, Suite 201
Southfield, Mi 48076
Telephone No. 248/750-0500
Fax No. 248/750-0508
jpoeszat@goodmanpoeszat.com

August 29, 2011

CDCS #: 2011A71894

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 1

Mohamad W. Elfassih
2 Hampton Ct.
Dearborn, MI 48124
Account No.: XXXXX8310

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/01/11.

On or about 01/13/86 and 03/12/87, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 and $2,500.00 from Michigan National Bank of Detroit, Clawson, MI. This loan was disbursed for $2,500.00 on 01/12/86 and $2,500.00 on 03/12/87, at 8.00 percent interest per annum. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $300.87 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/18/91 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,984.43 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/25/98, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 4,984.43 |
| Interest: | $ 7,788.41 |
| Total debt as of 07/01/11: | $12,772.84 |

Interest accrues on the principal shown here at the rate of $1.09 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/14/11

*Laura Brown*
Loan Analyst
Litigation Support

EXHIBIT B

Poor Source Original
Documents will be retained in portfolio

**MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**
**GUARANTEED STUDENT LOAN**
Michigan National Bank of Detroit
**INTERIM NOTE**

19 80 Date January 13, 1986

On December 1, 19 87, or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to Michigan National Bank of Detroit hereinafter called the Holder or order the principal sum of $ 2,500.00 together with interest thereon from the date of disbursement of this loan at the rate of 8.00 % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Holder 22595 W. 8 Mile Road Detroit, MI 48219 or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL INTEREST RATE | COSTS OF LOAN |
|---|---|
| The cost of your credit as a yearly rate. | $ 45.83 Insurance Premium (1% per annum of loan amount) |
| Prior to repayment / During repayment | $125.00 Origination Fee (5% of loan amount) |
| 8.00 % / 8.00 % | $170.83 TOTAL COST |

**COMPLETE: MULTIPLE DISBURSEMENT ONLY**

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | Amount Disbursed |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | |
| First | | | | | |
| Second | | | | | |
| Third | | | | | |
| TOTALS | | | | | |

SCHOOL: University of Michigan
LOAN PERIOD: 1-86/5-86  LOAN # 956786U

**ACKNOWLEDGEMENT**

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan, plus interest, if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging with the Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during the repayment period.

The Maker acknowledges, if Maker and Holder agree, an installment repayment agreement executed calling for repayment to begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum per year, the minimum term. In instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance the Note with the Michigan Department of Education so that the Maker may have a total Note term of at least five years but not more than ten years.

Costs of Loan: The Maker agrees to pay the Holder, in addition to interest and principal due, an amount equal to the premium that the Holder is required to pay to the Michigan Guaranteed Student Loan Program in order to be covered by its insurance provisions, and such premium is immediately due and payable. The Maker further agrees to pay an Origination Fee authorized by Federal Law. The amount of the Insurance Premium and the Origination Fee, calculated on the amount of the loan shall be paid at the time of loan disbursement.

If the loan is disbursed in multiple installments, the amount of insurance premium and the origination fee of the amount of loan disbursed to the Maker at each disbursement. The amount of the Origination Fee may at the Holder's option be calculated either on the full amount of the loan expected to be disbursed or on the amount of loan disbursed at each disbursement.

The Insurance Premium and the Origination Fee are refundable only if the loan check is returned to the Holder uncashed except if a loan is disbursed in multiple installments and the full amount of the Origination Fee is charged on the first installment, the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

Late Charge: If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount not exceeding 5% of the installment payment or $5.00, whichever is less. This provision shall not be deemed to extend the note due date or to grant any period of grace.

Acceleration: The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or, (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

Extension: The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

Deferment: Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

Maker: The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice or demand and if the Holder shall incur any extra costs or expenses in connection

EXHIBIT A

If the loan is disbursed in multiple installments, the amount of the Origination Fee may be prorated at each disbursement. The amount of the Origination Fee may at the Holder's option be calculated either on the full amount of the loan expected to be disbursed or on the amount of loan disbursed at each disbursement.

The Insurance Premium and the Origination Fee are refundable only if the loan check is returned to the Holder uncashed, except if a loan is disbursed in multiple installments and the full amount of the Origination Fee is charged on the first installment, the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

**Late Charge:** If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount not exceeding 5% of the installment payment or $5.00, whichever is less. This provision shall not be deemed to extend the note due date or to grant any period of grace.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date, and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorneys fees and the Holder may take judgment for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will be subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or guarantor hereof in exercising any of its options, powers, or rights on partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and are incorporated as part of this Note.

| CO-SIGNER SIGNATURE | MAKER SIGNATURE |
|---|---|
| TYPED NAME | TYPED NAME: Mohamad W. Elfaeshih |
| ADDRESS | ADDRESS: 318 Hubbard Ct. |
| CITY / STATE / ZIP | CITY: Westland STATE: MI ZIP: 48185 |
| SOCIAL SECURITY NO. | SOCIAL SECURITY: ___-__-8310 |

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

Subscribed and sworn by MAKER before me this ___ day of ___ 19___
County of: ___
Notary Signature: ___
Address: ___
Stamp & Seal: ___
My commission expires: ___

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official: *Patrick Cummings*

Poor Source Original
Documents will be retained in portfolio

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: _____
JUDY A. BYRNES
ASSISTANT TO THE DIRECTOR

TITLE: _____

DATE: 4-30-98

*Poor Source Original*
*Documents will be retained in portfolio*

"I DECLARE UNDER PENALTY OF PERJURY THAT T[HE] [FOREGOING IS A TR]UE AND CORRECT COPY OF T[HE] [ORIGINAL PROMISSOR]Y NOTE."

SIGNATURE: _____

TITLE: Clerk

DATE: 2/11/98

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: _____
JUDY A. BYRNES
ASSISTANT TO THE DIRECTOR

TITLE: _____

DATE: 4-2-98

---

"I DECLARE U___ ___ PENALTY OF PERJURY T___ ___ ___ ___ ___ AND CORRECT COPY ___ ___ ___ ___ ___ ___ NOTE."

SICNATURE: _____

TITLE: Clerk

DATE: 2/17/98

Poor Source Original
Documents will be retained in portfolio

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: _[signature]_
TITLE: JUDY A. BYRNES, ASSISTANT TO THE DIRECTOR
DATE: 4-30-95

...PERJURY THAT...
...CT COPY...

SIGNATURE: _[signature]_
TITLE: Clerk
DATE: 2/12/98

BEST COPY...
Poor Source Original
Documents will be retained in portfolio

BEST COPY AVAILABLE AT TIME OF IMAGING

## MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
## GUARANTEED STUDENT LOAN — ELFAGGIR MOHAMAD
### INTERIM NOTE

Master N[...] 8310
Interim Note #: 18396

Date: March 12, 1987

On __December 1st__ 19__87__ or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to __Michigan National Bank of Detroit__
__1250 W 14 Mile, Clawson, MI 48017__

hereinafter called the Holder, or order the principal sum of $ __2,500.00__ together with interest thereon from the date of disbursement of this loan at the rate of __8.00__ % per annum. The undersigned, hereinafter called the Maker, shall pay such principal and interest at the office of the Holder __1250 W. 14 Mile Rd. Clawson, MI 48017__

or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**COMPLETE: MULTIPLE DISBURSEMENT ONLY**

| ANNUAL INTEREST RATE | COSTS OF LOAN | Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Insurance Premium | Origination Fee | Amount Disbursed |
|---|---|---|---|---|---|---|---|
| The cost of your credit as a yearly rate. Prior to repayment 8.00% During repayment 8.00% | $18.75 Insurance Premium (1% per annum of loan amount) $125.00 Origination Fee (5% of loan amount) $143.75 TOTAL COST | First | 03/01/87 | 2500.00 | 18.75 | 125.00 | 2356.25 |
| | | Second | | | | | |
| | | Third | | | | | |
| | | TOTALS | | 2500.00 | 18.75 | 125.00 | 2356.25 |

Poor Source Original
Documents will be retained in portfolio

[ACKNO]WLEDGEMENT

The Maker acknowledges having read and understood this interim note, including the above [disclo]sure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of [execut]ion of the Note. Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging with the Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during the rep[ayment]...

The Maker acknowledges, if Maker and Holder agree, an installment repayment [schedule]...calling for repayment...earlier than the maturity date of this Note and for payments which exceed the $600 minimum...In instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this Note...to the extent that the Maker may have a total Note term of at least five years but not more than ten years...in this note.

Costs of Loan: The Maker agrees to pay the Holder, in addition to interest and [principal]...equal to the premium that the Holder is required to pay to the Michigan Guaranteed Student Loan Program in order to have the Note covered by its insurance provisions, and such premium is immediately due and payable. The Maker further agrees to pay an Origination Fee, calculated on the amount of the loan shall be paid at the time of [disbursement]...

If the loan is disbursed in multiple installments, the amount of insurance premium...Maker at each disbursement. The amount of the Origination Fee may at the Holder's option be calcul[ated]...full amount of the loan expected to be disbursed or on the amount of loan disbursed at each disbursement.

Date: 10-22-91

The Insurance Premium and the Origination Fee are refundable only if the loan check is returned to the Holder uncashed except if a loan is disbursed in multiple installments and the full amount of the Origination Fee is charged on the first installment, the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

Late Charge: If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount not exceeding 5% of the installment payment or $5.00, whichever is less. This provision shall not be deemed to extend the note due date or to grant any period of grace.

Acceleration: The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status, or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

Extension: The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

Deferment: Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

Maker: The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes [which] occur in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will be subject...

**Late Charges:** If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount not exceeding $5.00 or the installment payment of $5.00, whichever is less. This provision shall not be deemed to extend the note due date or to grant any period of grace.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status, or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will be subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and are incorporated as part of this Note.

| CO-SIGNER SIGNATURE | | MAKER SIGNATURE | _[signature]_ |
|---|---|---|---|
| TYPED NAME | | TYPED NAME | AHAD ELFASSIH |
| ADDRESS | | ADDRESS | J18 HUBBARD CT |
| CITY | STATE ZIP | CITY WESTLAND | STATE MI ZIP 48185 |
| SOCIAL SECURITY NO. | | SOCIAL SECURITY | [redacted]-6329 |

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

Subscribed and sworn

County of: WAYNE

Notary Signature: _[signature]_

Address: _[illegible]_ RD DEARBORN MI 48127

HENRY MOTYKA
Notary Public, Wayne County, Michigan
My Commission Expires June 20, 19__

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official _Patrick Cummings_

**LENDER COPY**

Poor Source Original
Documents will be retained in portfolio

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: *[signed]*

TITLE: JUDY A. BYRNES ASSISTANT TO THE DIRECTOR

DATE: 4-30-98

Poor Source Original
Documents will be retained in portfolio

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: *[signed]*

TITLE: Clerk

DATE: 2/11/98